UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS KIM ELLER,

        Petitioner,

v.                                          Case No. 00-10095
                                            Honorable David. M. Lawson

BARBARA BOCK,

        Respondent.
_____/

## SUPPLEMENTAL OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Douglas Kim Eller, presently confined at the Straits Correctional Facility in Kincheloe, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in March 2000. The petitioner was convicted of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, malicious destruction of police property, Mich. Comp. Laws § 750.377b, and resisting or obstructing a police officer, Mich. Comp. Laws § 750.479b, following a jury trial in the Montcalm County circuit court in 1996. He was sentenced as a third habitual offender to concurrent terms of 160 to 240 months imprisonment, 64 to 96 months imprisonment, and 32 to 48 months imprisonment, respectively, on those convictions.

Eller raised the following issues in the original petition:

I.      [The petitioner] was denied his state and federal rights to due process and a fair trial, and his conviction for resisting and obstructing must be reversed, because of the substantial possibility that the jury instructions permitted the jury to convict him of a crime not charged.

II.     [The petitioner] was denied his state and federal constitutional right to due process and a fair trial where the trial court failed to adequately instruct on the right to resist unlawful police action.

III.    [The petitioner] was denied his state and federal constitutional right to the effective assistance of counsel where counsel failed to request the appropriate

        instructions for resisting and obstructing and failed to object to the trial court's erroneous instruction.

IV.      The assault with intent to commit great bodily harm conviction must be reversed where the trial court refused defense counsel's request for the lesser offense of simple assault and battery.

VI.     [*sic*] The trial court abused its discretion in denying his request for a jury view of the alleged damage to the police car violating his constitutional right to present a defense.

VII.    When the prosecutor failed to correct oral testimony which she knew to be false, [the petitioner's] state and federal constitutional rights to due process and a fair trial were violated and his conviction for malicious destruction of police property must be reversed where false testimony could have affected the judgment of the jury.

VIII.   The trial court abused its discretion ruling that res gestae evidence of blood alcohol content of the driver was irrelevant, denying [the petitioner's] constitutional right to compulsory process and due process of law.

IX.     [The petitioner] conviction for assault with intent to do great bodily harm less than murder must be reversed where his defense to the charge was one of illegal arrest and self-defense and the trial court failed to instruct the jury that defendant had a right to resist the arrest of his person and that the prosecution must prove beyond a reasonable doubt that his arrest was legal and that defendant was not acting in self-defense.

X.      [The petitioner] was denied his state and federal constitutional right to the effective assistance of counsel where counsel failed to impeach a key government witness's false testimony.

XI.     The trial court abused its discretion in denying a request for a directed verdict on the resisting and obstructing charge, a violation of his state and federal rights to due process of law.

On June 8, 2003, the Court filed an opinion and order denying the petition. The Court concluded that some of the claims lacked merit; however, because the petitioner had completed his sentence on the charge of resisting or obstructing a police officer when he filed his habeas petition and therefore was not "in custody" as to that charge, the Court concluded it had no jurisdiction to

review the claims relating solely to that conviction. Claims I, II, III, VIII, X, and XI were dismissed for lack of jurisdiction.

Thereafter, the petitioner returned to state court and initiated proceedings that resulted in the issuance of an amended judgment of sentence, which reduced the number of pretrial custody days credited against the petitioner's sentence. The effect of the amended judgment was to changed the termination date of the sentence on the resisting or obstructing conviction so that the sentence had not ended when the habeas petition was filed. The Court then granted the petitioner's motion for relief from judgment, vacated the judgment as to claims I, II, III, VIII, X, and XI, and reopened the case.

The petitioner, through counsel, has filed a supplemental brief in support of those claims and the respondent has filed an answer to that brief. The Court has now considered those claims on the merits and finds them wanting. Therefore, the petition for writ of habeas corpus will be denied.

I.

The petitioner's convictions stem from his confrontation with a police officer during a traffic stop in Crystal Township, Michigan on June 16, 1996. The claims discussed in this supplemental opinion all deal with challenges to the conviction for resisting or obstructing a police officer. The facts of the case are set forth in the previous opinion and need not be repeated here. *See Eller v. Bock*, 2003 WL 87417, *1-3 (E.D. Mich. 2003). The standard of review set forth in Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective two months before Eller's confrontation with police officer Todd Graham in Crystal Township, governs the remaining claims in Eller's petition. As noted in the earlier opinion,

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant
> to the judgment of a State court shall not be granted with respect to any claim that

was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Mere error by the state court will not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) ( internal quotes omitted)). *See also Davis v. Coyle*, 475 F.3d 761, 766 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Harbison v. Bell*, 408 F.3d 823, 828-29 (6th Cir. 2005); *Rockwell v. Yukins*, 341 F.3d 507, 512 (6th Cir. 2003) (en banc).

A.

The petitioner first asserts that he is entitled to habeas relief because the trial court erred in instructing the jury on resisting or obstructing a police officer and there is a substantial possibility that the instructions permitted the jury to convict him of an uncharged crime: Eller says that he was charged with "resisting and obstructing the officer while investigating a traffic stop," but was instead convicted of "resisting arrest." The respondent contends that this claim lacks merit.

The felony complaint in this case included the following charge against the petitioner: "Ct[.] 3 Resist and Obstruct – Did knowingly and willfully obstruct, resist, oppose, assault, beat or wound

officer Todd Graham, a police officer with the Crystal Twp. Police Dept.[,] while said officer was engaged in lawful acts, attempts and efforts to maintain, preserve and keep peace, to-wit: investigating an OUIL traffic stop contrary to M.C.L. 750.479." At that time, the governing statute provided:

> Any person who shall knowingly and willfully obstruct, resist, or oppose any sheriff, coroner, township treasurer, constable or other officer or person duly authorized, in serving, or attempting to serve or execute any process, rule or order made or issued by lawful authority, or who shall resist any officer in the execution of any ordinance, by law, or any rule, order, or resolution made, issued, or passed by the common council of any city board of trustees, or common council or village council of any incorporated village, or township board of any township or who shall assault, beat or wound any sheriff, coroner, township treasurer, constable, or other officer duly authorized, while serving, or attempting to serve or execute any such process, rule or order, or for having served, or attempted to serve or execute the same, or who shall so obstruct, resist, oppose, assault, beat or wound any of the above named officers, or any other person or persons authorized by law to maintain and preserve the peace, in their lawful acts, attempts and efforts to maintain, preserve and keep the peace, shall be guilty of a misdemeanor, punishable by imprisonment in the state prison not more than two years, or by a fine of not more than one hundred thousand dollars.

Mich. Comp. L. § 750.479 (1996), amended by P.A. 2002, No. 270.

Following a preliminary examination, the state district court bound the petitioner over for trial on a resisting arrest theory. Prelim. Exam. Tr. 49-51, Aug. 5, 1996. At trial, the evidence revealed that Officer Graham stopped the Ellers' vehicle for erratic driving and the vehicle had no visible license plate. Witnesses testified that while Officer Graham was still in his patrol car, the petitioner approached and yelled at him. Officer Graham ordered the petitioner back into his vehicle, but the petitioner failed to comply. The officer indicated that if the petitioner persisted, he would be arrested. The petitioner refused to return to his vehicle, and Officer Graham thereafter attempted to arrest the petitioner. However, the petitioner backed away from Officer Graham as he was attempting to make the arrest, slapped his hands away, and then assaulted the officer. Trial Tr.

59-73, Oct. 2, 1996. After the proofs, the trial court instructed the jury on resisting arrest by giving the Michigan standard instruction, CJI2d 13.1, but denied the *prosecution's* request for a separate pattern instruction on interference with an officer maintaining the peace, found at CJI2d 13.2. The petitioner now challenges that decision.

The trial judge gave the jury this instruction, based on pattern instruction CJI2d 13.1 (1996), amended Oct. 2004:

> The third count is a charge of resisting arrest. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt.
>
> First, that the defendant resisted an officer of the law who was then attempting or making an arrest. The defendant must have actually resisted by what he said or did, but physical violence is not necessary.
>
> Second, that the person the defendant resisted was then an officer authorized by law.
>
> Third, that the defendant knew then that the person he was resisting was an officer of the law.
>
> And, fourth, that the defendant knew that the officer was making an arrest.
>
> Fifth, that the defendant intended to resist the officer.
>
> And that the attempt to make the – during the resisting arrest, that the arrest the defendant resisted was legal. The arrest that the officer was seeking was legal.

Trial Tr. 282-283 (Oct. 3, 1996). The version of CJI2d 13.2 in effect at the time of trial was entitled "Interference with an Officer Maintaining the Peace." It stated:

> (1) The defendant is charged with the crime of [resisting/assaulting] an officer who was maintaining the peace. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> (2) First, that the defendant [resisted/assaulted] an officer of the law.
> (3) Second, that the person the defendant [resisted/assaulted] was then a [state authorized person].
>
> (4) Third, that the defendant knew then that the person was an officer of the law.

(5) Fourth, that the officer was then carrying out lawful duties.

(6) Fifth, that the defendant knew that the officer was doing so.

(7) Sixth, that the defendant intended to [resist/assault] the officer.

(8) Seventh, that the words or actions of the defendant in fact interfered with the officer in carrying out those duties.

CJI2d 13.2 (1996), amended Oct. 2004.

The Michigan Court of Appeals denied relief on the petitioner's claim that the trial court erred in giving CJI2d 13.1 and failing to give CJI2d 13.2. The court stated: "Because defendant did not request the instructions at trial, review may be granted only if a miscarriage of justice would otherwise result. . . . It would not. The trial court did not err in failing to give CJI2d 13.2 because CJI2d 13.1 was applicable to the facts of this case." *People v. Eller*, No. 201831, 1998 WL 1988887, at *1 (Mich. Ct. App. Nov. 17, 1998).

The respondent does not raise the doctrine of procedural default as a defense to this claim, and the Court will not raise the defense *sua sponte* in this case. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005). Accordingly, the Court will address the merits of this issue.

The petitioner is entitled to habeas relief only if the defective jury instructions "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). A federal court may not grant the writ of habeas corpus on the ground that a jury instruction was incorrect under state law, *see Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991), and "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977). The jury instruction "'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the

trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147). On habeas review, this Court is bound by the state court's interpretation of state law. *See Bradshaw v. Richey*, 546 U.S. 74, __, 126 S. Ct. 602, 604 (2005) (per curiam).

This Court is not persuaded that the jury instructions as given denied the petitioner a fair trial or so infected the entire trial that the resulting conviction violates due process. The petitioner correctly notes that "a person's right to reasonable notice of a charge against him, and an opportunity to be heard in his defense – a right to his day in court – are basic in our system of jurisprudence." *In re Oliver*, 333 U.S. 257, 273 (1948). The petitioner, however, was not denied that right. The record reveals that the petitioner was charged with resisting or obstructing a police officer under Michigan Compiled Laws § 750.479, he was bound over for trial on a resisting arrest theory, the evidence supported the charge of resisting arrest, and the trial court instructed the jury on the elements of that offense. The petitioner had adequate notice of the charges against him and had an adequate opportunity to defend himself against those charges. The petitioner has failed to show how he was prejudiced by the jury instructions. The Court concludes, therefore, that the state court's resolution of the jury instruction claim is neither contrary to nor an unreasonable application of Supreme Court precedent. Habeas relief is not warranted on this claim.

B.

The petitioner next asserts that he is entitled to habeas relief because the trial court failed to instruct the jury adequately on the right to resist unlawful police action by failing to give pattern instruction CJI2d 13.5, which deals with the legality of the arrest. The respondent contends that this claim lacks merit. The Michigan Court of Appeals denied relief on this claim, stating in relevant part that "the trial court did not err in failing to sua sponte give CJI13.5 because the jury expressed no confusion with regard to the lawfulness of the arrest element and defendant presented no plausible evidence to support an inference of unlawful police conduct." *Eller*, 1998 WL 1988887, at *1.

Having reviewed the record, this Court finds that the trial court adequately instructed the jury on the elements of the charged offenses. The trial court instructed the jury that an element of the resisting arrest offense was that the police officer was engaged in a lawful arrest. Trial Tr. 282-283, Oct. 3, 1996. Neither the evidence nor the circumstances at trial warranted a more particularized instruction as to the legality of the arrest, particularly since no such instruction was requested by the parties. This Court is not persuaded that the jury instructions as given denied the petitioner a fair trial or so infected the entire trial that the resulting conviction violates due process. The state court's resolution of this issue is neither contrary to nor an unreasonable application of Supreme Court precedent. Habeas relief is not warranted on this claim.

C.

The petitioner next asserts that he is entitled to habeas relief because counsel was ineffective for failing to request the appropriate instructions on resisting or obstructing a police officer and

failing to object to the trial court's instructions. The respondent contends that this claim lacks merit.

The Michigan Court of Appeals denied relief on this claim, stating as follows:

> Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise. *People v. Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). To establish ineffective assistance of counsel, a defendant must demonstrate that trial counsel's performance was objectively unreasonable and that the defendant was prejudiced by counsel's defective performance. *People v. Mitchell*, 454 Mich 145, 164; 560 NW2d 600 (1997). To establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different, and that the attendant proceedings were fundamentally unfair or unreliable. *People v. Poole*, 218 Mich App 702, 718; 555 NW2d 485 (1996). A defendant must also overcome the presumption that the challenged action or inaction was sound trial strategy. *People v. Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).
>
> For the reasons discussed above, defense counsel was not ineffective for failing to request CJI2d 13.2 and 13.5. In addition, defendant has failed to overcome the presumption that defense counsel's inaction was sound trial strategy.

*Eller*, 1998 WL 1988887, at *1-2.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

An attorney's performance is deficient if counsel's representation falls below an "objective standard of reasonableness." *Id*. at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. Moreover, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687. The

defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

The Michigan Court of Appeals' decision is consistent with the standard set forth in *Strickland* and constitutes a reasonable application of federal law to the facts. As noted, the jury instructions were proper under Michigan law and did not violate the petitioner's constitutional rights. Consequently, the petitioner cannot establish that counsel was deficient or that he was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

D.

The petitioner also asserts that he is entitled to habeas relief because the trial court abused its discretion in ruling that evidence of the blood alcohol content of Eller's wife, who was driving the car the night of his arrest, was irrelevant. The petitioner states that he first raised this claim at oral argument before the Michigan Court of Appeals and then briefed the issue before the Michigan Supreme Court. The respondent contends that this claim lacks merit.

At trial, the prosecution presented police officer Graham's testimony that he stopped the petitioner's vehicle because he suspected the driver was drunk. The officer testified that the driver veered off the road and crossed the center line, refused to take a breathalyzer test, and had difficulty reciting the alphabet. Trial Tr. 93-94, Oct. 2, 2007. In response, defense counsel sought to introduce evidence concerning a blood alcohol test administered to the driver, the petitioner's wife.

The prosecution objected. The trial court sustained the objection finding that the evidence was irrelevant. *Id*. at 94. The petitioner now challenges this evidentiary ruling, claiming that he was denied due process.

It is well established that trial court errors in the application of state procedure or evidentiary law, particularly regarding the admissibility of evidence, generally are not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Mich. Dep't of Corr.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only where admission of the disputed evidence rendered the trial "so fundamentally unfair as to deprive the petitioner of due process" does it provide grounds for granting a writ of habeas corpus. *Broom v. Mitchell*, 441 F.3d 392, 406 (6th Cir. 2006) (quoting *McAdoo*, 365 F.3d at 494).

The state courts' denial of relief on this claim is neither contrary to nor an unreasonable application of Supreme Court precedent. An argument could be made that the driver's passing a blood alcohol test given after arrest was relevant to whether the police officer saw what he claimed, since proof of the driver's sobriety may have some tendency to make the fact of erratic driving less likely than it would be without the evidence. This logical proposition, however, is somewhat tenuous, and the trial court likely acted within its discretion by excluding the evidence. The petitioner has not shown that the state appellate court erred as a matter of state law in upholding that evidentiary ruling. More importantly, he has not shown that he was unable to present a defense to the charges or that the trial court's evidentiary ruling rendered his trial fundamentally unfair. Habeas relief is not warranted on this claim.

E.

The petitioner next asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to use a transcript of the officer's call to dispatch to impeach Officer Graham's testimony as to the reason for his stop of the Eller vehicle. The respondent contends that this claim lacks merit.

Applying the *Strickland* standard, the Michigan Court of Appeals ruled on this claim as follows:

> [D]efense counsel was not ineffective for failing to impeach officer Todd Graham's testimony that he stopped the car in which defendant was riding because it was weaving. Defendant claims that counsel should have impeached the officer with a transcript of his call to central dispatch in which he stated that he was at "Smith and Main on a vehicle with no plate." However, defense counsel elicited from the officer on cross-examination that when the officer called central dispatch to report the stop of defendant's car, he gave his location and indicated that the car did not have a license plate. The officer also explained that his practice was to call in the location of a traffic stop and to give the license plate number of the stopped vehicle, but in this case the car had a temporary paper tag in the window so he could not give a plate number. Because the transcript was consistent with, and cumulative of, the officer's testimony, the transcript would have added little, if anything, to defendant's case. On the basis of the evidence presented, it is unlikely that, but for counsel's inaction, the result of the proceeding would have been different.

*Eller*, 1998 WL 1988887, at *2. This Court concludes that the state court's decision is neither contrary to *Strickland* nor an unreasonable application of the law to the facts. The transcript was cumulative of the officer's testimony and counsel may have decided reasonably not to seek its admission. This was a judgment call, which is entitled to deference. Defense counsel cross-examined the officer about his actions during the traffic stop of the Ellers' vehicle, and the jury was well aware of what the officer reported to central dispatch at the time of the incident. Further, the petitioner has not shown that this strategic choice prejudiced him. Habeas relief is not warranted on this ineffective assistance of counsel claim.

F.

Finally, the petitioner asserts that he is entitled to habeas relief because the trial court abused its discretion in denying a request for a directed verdict on the resisting or obstructing charge. Essentially, this claim challenges the sufficiency of the evidence to support that conviction. The respondent contends that this claim lacks merit. The Michigan Court of Appeals denied relief on this claim, stating as follows:

> A directed verdict of acquittal is appropriate only if, considering all the evidence in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime charged were proved beyond a reasonable doubt. *People v. Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992); *People v. Pena*, 224 Mich App 650, 659; 569 NW2d 871 (1997). Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime. Questions regarding the credibility of witnesses are left to the trier of fact. *Id.* To establish the crime of resisting arrest, (1) the defendant must have resisted arrest; (2) the arrest must be lawful; (3) the person making the arrest must have been at the time an officer of the law; (4) the defendant must have intended to resist the officer; (5) the defendant must have known that the person he was resisting was an officer; and (6) the defendant must have known that the officer was making an arrest. *People v. Julkowski*, 124 Mich App 379; 335 NW2d 47 (1983).
>
> Viewed in a light most favorable to the prosecution, there was sufficient evidence to enable a rationale trier of fact to find the necessary elements beyond a reasonable doubt. There was testimony that the officer stopped a car in which defendant was a passenger after he observed it weaving in traffic. As the officer was calling in to dispatch, defendant approached the officer and began screaming at him. On two separate occasions, the officer told defendant to return to his vehicle or he would be arrested for obstructing. Each time defendant refused. At that point, the officer advised defendant that he was under arrest for obstructing an investigation. When the officer attempted to arrest defendant, he back-stepped away from the officer, slapped the officer's hand several times, and thereafter an altercation ensued in which defendant choked the officer. Accepting this testimony as true, the trial court did not err in denying defendant's motion for a directed verdict on the charge of resisting arrest.

*Eller*, 1998 WL 1988887, at *3.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).

> [T]his inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Id.* at 318-19 (internal citation and footnote omitted). This "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id*. at 324 n.16.

The standard of review of the evidence articulated by the state appellate court is the same standard set forth in *Jackson*. The decision, therefore, is not contrary to Supreme Court precedent. The decision is also not an unreasonable application of the law to the facts of the case. The prosecution presented sufficient evidence to the jury of the petitioner's guilt of obstructing or resisting a police officer. Officer Graham's testimony alone provided sufficient evidence to establish the elements of the offense. Furthermore, the petitioner's actions and words during the incident demonstrated his intent to resist the officer. The petitioner's insufficient evidence claim is reduced to a challenge to the inferences that the jury drew from the testimony presented at trial and the weight to be accorded certain items of evidence. It is well settled, however, that "[a] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any

such conflicts in favor of the prosecution, and must defer to that resolution." *Walker v. Engle*, 703 F.2d 959, 969-70 (6th Cir. 1983). The Court finds that a rational trier of fact could have found the petitioner guilty of resisting or obstructing a police officer (under a resisting arrest theory) beyond a reasonable doubt based on the evidence presented at trial. Habeas relief is not warranted on this claim.

### III.

For the foregoing reasons, the Court finds the petitioner has not shown that he is in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus [dkt # 1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 12, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 12, 2007.

s/Felicia M. Moses
FELICIA M. MOSES

---